# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

NORMAN F. SUTTON, III,  
    Plaintiff,

vs.

COMMISSIONER OF  
SOCIAL SECURITY,  
    Defendant.

Case No. 1:15-cv-522  
Dlott, J.  
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 22). The Commissioner has not filed any opposition to plaintiff's motion.

On April 22, 2016, the Court granted the parties' joint motion to remand and remanded this matter for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 18). On remand, the Commissioner determined that plaintiff was disabled. (*See* Notice of Award, Doc. 22 at 8). The Court previously awarded plaintiff $1,500.00 for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 21). Plaintiff represents that $6,000.00 in attorney fees have also been awarded for work performed at the administrative level. (*See* Doc. 22 at 4). Plaintiff represents that acting pursuant to § 406(b)(1)(A), the Commissioner withheld 25 percent of past-due benefits—or $14,162.25—as a potential contingency fee to be awarded to plaintiff's counsel. (*See* Doc. 22 at 4, 9). From that amount, plaintiff now seeks an award of $6,662.25 in attorney fees available under § 406(b) for 22.75 hours of work that plaintiff represents was performed before the Court. (*See* Doc. 22 at 4-5). The $6,662.25 requested represents 25 percent of plaintiff's past-due benefits ($14,162.25),

less the amount awarded by the Commissioner for work performed at the administrative level ($6,000), and less the amount of EAJA fees previously received ($1,500.00). (*See id.*).

Plaintiff has not supported the motion with a time record from plaintiff's counsel detailing the amount of time counsel spent on each task related to the prosecution of this case in the district court. Nor has plaintiff provided an affidavit or other evidence from counsel in support of the requested hourly rate, including counsel's non-contingent fee hourly rate. Thus, the Court is presently unable to determine whether the hours counsel spent on this case and the hourly rate requested are reasonable.

Based on the foregoing, the motion for attorney fees under § 406(b) is **DENIED SUBJECT TO RECONSIDERATION** upon submission of the supporting materials described above.

**IT IS SO ORDERED.**


Date: _____5/22/2017_____          ___/s  Karen L. Litkovitz_____
                                            Karen L. Litkovitz
                                            United States Magistrate Judge